IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHANDRA R. BRADLEY ) | CASE NO.  5:10CV1862 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | |
| SECRETARY OF VETERANS AFFAIRS, ) | MEMORANDUM OF OPINION |
| et al. ) | AND ORDER |
| ) | |
| Defendants. ) | |

Plaintiff *pro se* Shandra R. Bradley filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, against the Secretary of Veterans Affairs Eric K. Shinseki, and the Director of the Cleveland Regional Office Joyce Cange. Bradley alleges that she is entitled to monetary benefits owed for Post Traumatic Stress Disorder as well as for physical injuries sustained while on active duty in the United States Air Force from February 14, 1983 to August 7, 1995. Bradley also asserts ethnic and gender discrimination and requests 5 billion dollars for her medical condition and 2 trillion dollars for continued pain and suffering and for withholding her monetary benefits.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

A district court is precluded from reviewing decisions on veterans' benefits, including constitutional challenges. 38 U.S.C. § 511(a). Challenges to decisions on veterans' benefits must be filed in the Court of Veterans Appeals whose decisions are reviewable by the Federal Circuit Court. *Kiel v. Department of Veterans Affairs*, 2009 WL 5168055 * 2 (S.D. Ohio, Dec. 18, 2009) (citing *Beamon v. Brown*, 125 F.3d 965, 970-71 (6th Cir.1997)).

Additionally, 42 U.S.C. § 1983 is not available against a federal agent. An action against a federal agent must be brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), a corollary to § 1983 created by the judiciary. *See Browning v. Pennerton*, 633 F.Supp.2d 415, 431 (E.D. Ky.,2009). When *Bivens* is involved, a court uses § 1983 case law. *Tavarez v. Reno,* 54 F.3d 109, 110 (2d Cir. 1995); *Hallock v. Bonner*, 567 F.Supp.2d 334, 337 (N.D. N.Y., 2008), *aff'd*. 343 Fed. Appx. 633 (2nd Cir. 2009). Therefore, Bradley may not maintain a cause of action under 42 U.S.C. §1983.

Assuming *arquendo* that Bradley had asserted a *Bivens* claim, it is apparent on the face of the complaint that the statute of limitations for bringing a *Bivens* claim expired before Plaintiff filed this action. The most analogous statute of limitations from the state where the events giving rise to the claim occurred applies to *Bivens* cases. *Baker v. Mukasey,* 287 Fed.Appx. 422, 424 (6th Cir.2008). In Ohio, the two-year statute of limitations provided for in Ohio Revised Code § 2305.10 is used. *Lindsey v. City of Cleveland*, 2007 WL 782172 * 2 (N.D. Ohio, Mar. 13. 2007) (citing *Kurinsky v. United States*, 33 F.3d 594, 599 (6th Cir.1994)). Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if the allegations of the complaint demonstrate that the claim would be barred by the applicable statute of limitations. The conduct alleged in the complaint took place over two years ago when Bradley alleges that she

did not receive monetary benefits owed for Post Traumatic Stress Disorder as well as for physical injuries sustained while on active duty. This action was filed on August 23, 2010, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Castillo v. Grogan*, 52 Fed. Appx. 750, 751 (6th Cir. 2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); *Alston v. Tennessee Dept. of Corrections,* 2002 WL 123688, at *1 (6th Cir. Jan. 28, 2002) ( "Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate.")*; Fraley v. Ohio Gallia County,* 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two year statute of limitations for bringing such an action had expired); *Hunterson v. Disabato*, 2007 WL 1771315, at *1 (3d Cir. June 20, 2007) (a district court may *sua sponte* dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations periods has run); *Ali v. Morgan,* 2009 WL 872896, at *3 (E.D. Ky., Mar. 27, 2009) (if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*)*; Balch v. City of Warren*, 2008 WL 687079, at *1 ((N.D. Ohio, Mar. 10, 2008) (same).

Bradley has also relied on Title VII of the Civil Rights Act of 1964 in support of her deliberate indifference to medical care claim. Title VII provides that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin sex ... 42 U.S.C. §§ 2000e-2(a)(1)-(a)(2). Bradley is not an employee of the Veterans Administration, so she cannot rely on Title VII to state a claim.

3

Accordingly, Bradley's Motion to Proceed *In Forma Pauperis* is granted. (ECF 2). This action is DISMISSED pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date:   October 21, 2010                                     */s/ John R. Adams*
                                                              JUDGE JOHN R. ADAMS
                                                              UNITED STATES DISTRICT JUDGE